**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LO DAI PING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1593-R** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

# REPORT AND RECOMMENDATION

On June 26, 2026, Petitioner Dai Ping Lo, a noncitizen[1] and citizen of China, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 § U.S.C. 636(b)(1)(B)-(C). (ECF No. 4). Respondents filed a Motion to Dismiss and Petitioner filed a Response. (ECF Nos. 8 & 9). For the reasons set forth below, the undersigned recommends that the Court **DENY** the Motion to Dismiss.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

**BACKGROUND AND PETITIONER'S CLAIMS**

The following relevant factual background is taken from a Report and Recommendation in Case No. 26-646-R, a companion case in this Court filed by Mr. Lo:[2]

> Petitioner, a citizen of China, entered the United States on February 25, 1988, through New York City as "a child of alien class." Resp. at 1; Doc. 13-1 at 1 (Notice to Appear). Neither party has alleged any additional encounters between Petitioner and ICE until December 2025.
>
> On November 3, 2025, Petitioner was convicted of Possession of Ketamine in Lincoln County, Oklahoma, in violation of 63 Okla. Stat. § 2-402. Resp. at 1-2; Doc. 13- 1 at 1; Doc. 13-2 at 1 (Criminal Information); Doc. 13-3 (Criminal Judgment). On December 11, 2025, ICE took custody of Petitioner and served him with a Notice of Custody Determination, informing him he would be detained pending the final administration determination of his immigration case. Resp. at 2; Doc. 13-4 (Notice of Custody Determination). Respondents allege Petitioner requested that an immigration judge ("IJ") review the custody determination, Resp. at 2, but neither party has alleged whether an IJ review occurred or the outcome of such a review. On the same day, ICE placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear. Resp. at 2; Doc. 13-2 at 1. Petitioner was charged under 8 U.S.C. § 1227(a)(2)(B)(i) as someone who, after admission, was convicted of a violation of or conspiracy to violate "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance." Resp. at 2; Doc. 13- 1 at 4. At some point later, Petitioner filed an Application for Asylum and Withholding of Removal. Doc. 13-5 at 2 (Asylum Application).

---

[2] The Petition in Case No. 26-646-R, is styled as "*Lo Ping v. United States District Court*." *See* ECF No. 1, *Ping v. United States District Court, et al.*, Case No. CIV-26-646-R (W.D. Okla. Mar. 30, 2026). However, the current Petition is styled "Dai Ping Lo v. Markwayne Mullin et al." *See* ECF No. 1:1. Petitioner's name is listed as Dai Ping Lo on an official immigration website. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Oct. 9, 2026). Thus, the undersigned will refer to Petitioner as Petitioner or Mr. Lo, and not Mr. Ping despite the prior filing.

ECF No. 14, *Ping v. United States District Court, et al.*, Case No. CIV-26-646-R (W.D. Okla. June 18, 2026).[3] The Court also correctly noted that on May 26, 2026, an Immigration Judge (IJ) ordered Petitioner removed, but that the order is not final based on Mr. Lo's pending appeal. *See id.* at p.2 n.3.[4] In the prior case, Mr. Lo argued a violation of the Administrative Procedure Act and the Immigration and Nationality Act and ICE regulations and sought release or a bond hearing. *See* ECF No. 1, *Ping v. United States District Court, et al.*, Case No. CIV-26-646-R (W.D. Okla. Mar. 30, 2026). On June 18, 2026, Magistrate Judge Chris Stephens recommended denial of the Petition, finding that Mr. Lo was subject to mandatory detention under 8 U.S.C. § 1226(c). *See* ECF No. 14, *Ping v. United States District Court, et al.*, Case No. CIV-26-646-R (W.D. Okla. June 18, 2026). In doing so, the Court noted:

> To the extent courts have suggested a noncitizen's due process rights may entitle him to a bond hearing after prolonged detention under § 1226(c), Petitioner's detention—which had lasted three months when the Petition was filed—is not so long as to warrant any relief here.

*See id.* at p. 6 n. 6.

On June 26, 2026, Mr. Lo filed the Petition here because his "First Writ of Habeas Corpus was denied." (ECF No. 1:2).[5] In the current Petition, Mr. Lo argues he has been

---

[3] The references to documents in the factual background section refer to documents in Case No. 26-646.

[4] As of October 9, 2026, the appeal is still pending. *See* EOIR, Automated Case Information, at https://acis.eoir.justice.gov/en/ (last visited Oct. 9, 2026).

[5] Technically, the habeas Petition had not been "denied" on June 26, 2026, as the Report and Recommendation was not adopted until July 14, 2026 and Judgment was entered accordingly. *See* ECF Nos. 16 & 17.

detained by ICE since Dec 10 2025" and has spent "More than 6 months in prison." (ECF No. 1:7). In doing so, Petitioner states: "At the first time in prison was not considered but now I have more than 6 months." (ECF No. 1:2). The undersigned liberally construes Mr. Lo's statements to argue that his prolonged detention under 1226(c) has reached the point (now nearly 10 months) that it violates his Due Process. Mr. Lo seeks his immediate release. (ECF No. 1:8). Respondent has filed a Motion to Dismiss, arguing that the current Petition constitutes an abuse of the writ. (ECF No. 8).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Where ... a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 2:26-CV-00808-KG-KK, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his ... existing § 2241 case." *Id.; see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions).

"On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ.' " *Salib*, 2026 WL 2393174, at *1 (quoting *Fotabong v. FNU LNU*, No. 2:26-CV-02087-DHU-GJF, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026)); *see Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing immigration petition based on the abuse of the writ doctrine). The "abuse of the writ" doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform [judicial] consideration" of the abuse of the writ doctrine).[6]

The abuse of the writ doctrine permits courts to dismiss successive § 2241 claims that were raised in a prior petition as well as new claims "[that] could have been raised in an earlier [petition] but were not." *Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010); *see also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (noting "that

---

[6] Judges in this District have acknowledged "Section 2244(a) of Title 28 of the United States Code does not bar [a] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States', and petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, Case No. 26-CIV-943-HE, Order, Doc. 11, at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)); *see also Alsheref v. Mullin*, No. CIV-26-89-G, 2026 WL 2333813, at *4 n.5 (W.D. Okla. Aug. 12, 2026) ("Finally, consideration of the Petition is not barred by 28 U.S.C. § 2244(a), and Respondents have not sought dismissal under the abuse of the writ doctrine."); *Khan v. Current Sec'y of Dep't of Homeland Sec.*, Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that § 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees."). However, "the abuse of the writ doctrine might apply" where the government raises it. *Lopez Galvan*, Case No. 26-CIV-943-HE, Order, Doc. 11, at 3 n.3.

generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (internal quotation omitted).

While "the government bears the burden of pleading abuse of the writ," once it does so, "[t]he burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id.* at 494-495.

## III. RESPONDENTS' MOTION TO DISMISS

On July 29, 2026, Respondents filed a Motion to Dismiss, arguing that "Petitioner's claims are plainly redundant and, to the extent that there is any distinction between them, he presents no valid reason for failing to fully vet his second claim in his initial petition." (ECF No. 8:5). As a result, Respondents argue that the case should be dismissed as an abuse of the writ. (ECF No. 8). The Court should disagree. First, the claims are not "plainly redundant" and the ground for relief Petitioner now raises is not the same as the claims previously raised. Mr. Lo's own statements that he "now. . . ha[s] more than 6 months" in detention which he did not have when he filed his first petition, indicates he is attempting to file a new claim based on the passage of time. *See supra*; *see also* ECF No. 9:1 (Petitioner's Reply, stating: "I have been victim of excessive punishment for being imprisoned more than 8 months, without a bond hearing.").

Additionally, "Petitioner's present claim . . . that his detention under Section 1226(c) has become unreasonably prolonged – turns on the length and circumstances of the detention, which have changed since the first habeas action was pending. Thus, petitioner could not have asserted this precise claim in the prior action, and the Court

[should] consider the merits of the present claim." *Soto Vilchez v. Blanche*, No. 26-3155-JWL, 2026 WL 1978620, at *1 (D. Kan. July 9, 2026).

In the context of a *Zadvydas* claim, one Court has stated:

> [E]ven though [petitioner] asserts the same claims of detention in violation of *Zadvydas* in both of his Petitions, the new facts related to his longer detention at issue in his Second Petition mean that the current *Zadvydas* claim had not arisen at the time of his First Petition. If the Court accepted the Federal Respondent's argument, then an alien who challenged his detention too soon after being ordered removed could never challenge it again, even as the duration of detention further exceeded the 6-month presumptive constitutional limit set out in *Zadvydas*. The Court declines to accept such a result.

*Herdem v. Lyons*, No. 26CV3158, 2026 WL 2234435, at *5 (D. Neb. Aug. 4, 2026) (citation modified); *see also Gonzalez v. Warden, Ndcs Work Ethic Camp*, No. 26CV293, 2026 WL 2124076, at *3 (D. Neb. July 23, 2026) (concluding "the abuse of the writ doctrine does not apply" where a petitioner "is not re-raising claims he made or could have made in his previous petition—instead, he is challenging his continued detention in light of the passage of time and the fact he has not been removed since the Court denied his first petition"). The same logic applies here; indeed this Court has found that "noncitizens detained under § 1226(c) may, in some circumstances, bring as-applied Due Process challenges to their prolonged detentions." *Hernandez v. Mullin*, No. 26-475-R, 2026 WL 1625669, at *2 (W.D. Okla. June 5, 2026) (collecting cases). As a result, the Court should deny Respondents' Motion to Dismiss.

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DENY** Respondents' Motion to Dismiss. If this recommendation is adopted the Respondent's

should be directed to submit an answer or other response in accordance with the Order for Response. (ECF No. 6).

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **October 20, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on October 13, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE