**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LO, DAI PING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1593-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Respondents Moved to Dismiss Lo, Dai Ping's Petition. [Doc. No. 8]. The Court referred the matter to Magistrate Judge Shon T. Erwin, who Recommended that the Court DENY the Motion. [Doc. No. 10]. Respondents objected [Doc. No. 11], so the Court will review de novo those portions of the Report to which they specifically object.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

This is not Mr. Lo's first habeas petition. *Lo v. U.S. Dist. Ct.*, No. CIV-26-646-R (W.D. Okla.). But that doesn't doom his new Petition, since the rules against second or successive habeas petitions don't apply to non-citizen detainees who aren't in custody "pursuant to a judgment of a court of the United States." 28 U.S.C. § 2244(a); *Stanko v. Davis*, 617 F.3d 1262, 1268 (10th Cir. 2010) ("Subsection 2244(a), and thus its bar, applies only to persons in custody "pursuant to a judgment of a court of the United States." But other types of petitioners may bring § 2241 habeas petitions, such as [noncitizen]

[1] Mr. Lo did not Object.

detainees."). Nonetheless, the Court may dismiss Mr. Lo's petition if it finds an "abuse of the writ" of habeas corpus. *Stanko*, 617 F.3d at 1269. The Court may find an abuse of the writ, and "decline to hear a second or subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not." *Id.*

Mr. Lo first petitioned the Court in March, after about four months in detention. Doc. No. 10 at 2. He followed up in June, about seven months into his detention, now ten. Doc. No. 10 at 1. Mr. Lo argues that, despite his detention under 8 U.S.C. 1226(c), the Court should release him because his prolonged detention now—and only now—violates Due Process. U.S. CONST. amend. V; Doc. No. 10 at 7. Mr. Lo has thus not abused the writ. Had he brought this Constitutional claim in his first petition, the Court almost surely would have dismissed it, since detention for six months is presumptively permissible for petitioners like Mr. Lo. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). The Court therefore finds that Mr. Lo couldn't have presented this argument in his previous petition and declines to dismiss for abuse of the writ.

Respondents say that Mr. Lo's detention hasn't materially changed since his first petition, but that argument ignores *Zadvydas*'s presumptively reasonable six-month detention period, which Mr. Lo only reached and exceeded after briefing for his first petition had finished. But, say Respondents, Mr. Lo has no one to blame for his prolonged detention but himself. They focus their objection on Mr. Lo's "manipulative tactics," taking umbrage with his decision needlessly to prolong his removal to China by "elect[ing] to appeal the Immigration Judge's removal order." Doc. 11 at 1–2.

The Court declines to endorse that argument. *Lorillard_Tobacco Co. v. Engida*, 611 F.3d 1209, 1221 (10th Cir. 2010) ("It is beyond peradventure that punishing a litigant solely for availing [himself] of the avenues of appellate relief provided by law would be manifestly improper.").

Accordingly, the Court ADOPTS Judge Erwin's Recommendation, DENIES Respondents' Motion, and ORDERS them to respond to Mr. Lo's Petition within seven days of this Order, after which Mr. Lo will have seven days to respond to their response. The matter remains referred to Judge Erwin for further proceedings.

IT IS SO ORDERED this 26th day of October, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**